Dear Judge Lemoine:
Your request for an Attorney General opinion has been forwarded to me for research and reply. In particular, you have asked the following question:
 Will the Pineville City Court have the option to recontract with the full time police officer presently under contract to provide probation supervision and services in misdemeanor cases or must the court utilize the probation services intended to be provided by the Pineville City Marshal's Office?
LSA-R.S. 13:1881 designates the city marshal as "executive officer of the court." However, his duties do not inherently include providing misdemeanor probation services. LSA-R.S. 33:423
addresses the duties of the marshal. He is chief of police, ex officio a constable, generally responsible for municipal law enforcement and charged with the enforcement of all municipal ordinances and state laws. LSA-R.S. 33:423 further provides, "He shall perform all other duties required of him by ordinance." Thus, the city governing authority can provide that the city marshal shall provide the misdemeanor probation services. However, absent such action by the city governing authority, the court may designate a probation office, agency or person.
In Attorney General Opinion number 90-463, this office determined that since LDOC no longer provided probation services in misdemeanor cases, it was proper for the court to contract out its misdemeanor probation services. In that opinion, the phrase in C.Cr.P. art 894, "office, agency, or officer" was determined to connote public entities or officers only. However, the court was deemed able to contract out its misdemeanor probation services by virtue of C.Cr.P. arts. 16 and 17.
It is therefore the opinion of this office that since the Division of Probation and Parole of the Department of Public Safety and Corrections no longer provides misdemeanor probation services, the governing authority of the city of Pineville may provide that the city marshal is responsible for providing misdemeanor probation services. Absent any action taken by the Pineville governing authority to provide probation services in misdemeanor cases, the court may designate a probation office, agency, or person by virtue of C.Cr. P. arts. 16, 17 and 894. As stated in Attorney General Opinion 90-463, the contract must be terminable and the ultimate duty for proper legal supervision must remain with the court.
If our office can be of any further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
RICHARD P. IEYOUB
 BY: _________________________ Frank Brindisi Assistant Attorney General